**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| Jason A. Gaza           Plaintiff | ) ) |
| vs. | ) CIVIL ACTION ) FILE NO. ) |
| Merchant Services Midwest, Inc. d/b/a Velocity Merchant Services, | ) |

**COMPLAINT**

Plaintiff, Jason A. Gaza, brings this action against Defendant, on the grounds and the amounts set forth herein.

**I. PRELIMINARY STATEMENT**

This action arises out of the facts and circumstances surrounding the violations of the TCPA, including statutory damages against defendants, and the costs of this action against the defendants on account of multiple violations of the Telephone Consumer Protection Act (hereinafter "TCPA") 47 U.S.C. § 227 et seq., at the hands of Defendant, a telemarketer.

**II. PARTIES**

1. Plaintiff is a natural person, residing in Spring Hill, Pasco County, Florida.

2. Defendant is a Foreign Profit Corporation engaged in the telemarketing business in the State of Florida.

3. Defendant may be served at it principal place of business or via its registered agent.

4. Defendant is a telemarketer.

5. Defendant uses an automated telephone dialing system to place calls to potential customers and others with whom Defendant has no prior business relationship.

6. Defendant is subject to the TCPA.

7. Defendant Plaintiff's cell phone with an automated telephone dialing system repeatedly.

8. Defendant is chartered in its home state of IL.

9. Defendant principal address is 12697 Southwest Highway, Palos Park, IL 60484.

10. Upon information and belief Defendant places hundred of calls daily to consumer cell phones with an automated telephonic dialing system.

### III. JURISDICTION AND VENUE

11. Jurisdiction is proper before this court as a federal question based upon a federal statute exists.

12. Venue in this District is proper in that the Defendant transact business here and the conduct complained of occurred here.

### IV. STATUTORY STRUCTURE TCPA

13. The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") amended the Federal Communications Act, 47 U.S.C. § 151, et seq. ("FCA"), to address the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages received by cell phones, and the use of fax machines to send unsolicited advertisements.

14. Under the TCPA, "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity—

> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers.
>
> 47 U.S.C. § 227 (a)(1)

15. Under the TCPA, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

16. Under the TCPA, a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227 (b)(3).

## VII. FACTUAL ALLEGATIONS

17. At some point before June 24, 2014, Defendant called Plaintiff's cell phone with an automated dialing system repeatedly, without express consent..

18. Likewise, Defendant called Plaintiff's cell phone with an automated telephone dialing system, multiple times without consent, in the 48 months preceding this cause of action.

19. Defendant did not have consent or "express consent" to call Plaintiff's cell phone with an automated telephonic dialer, but Defendant did so anyway.

## IX. TCPA VIOLATIONS

20. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendant's violation of the TCPA include, but are not limited to the following:

21. By calling the Plaintiff with an ATDS without express consent, Defendant, violated the TCPA.

22. By calling the Plaintiff with an ATDS with a cell phone without consent willfully and knowingly violated the TCPA.

WHEREFOR, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Statutory and treble damages, pursuant to TCPA 47 U.S.C. § 227(b)(3); as well as the costs.

(2) Such other and further relief that the Court deems just and proper.

s/W. John Gadd  
W. John Gadd  
FL Bar Number 463061  
Bank of America Building  
2727 Ulmerton Road-Suite 250  
Clearwater, FL 33762  
Tel- (727) 524-6300  
Email- wjg@mazgadd.com